**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **PACIFIC OAK SOR GEORGIA** | § | |
| **400 CENTER, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **Civil Action File No. _____** |
| **AMERICAN** | § | |
| **TELECONFERENCING** | § | |
| **SERVICES, LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S COMPLAINT

Plaintiff Pacific Oak SOR Georgia 400 Center, LLC ("Pacific Oak" or "Plaintiff") files this Complaint against Defendant American Teleconferencing Services, Ltd. ("ATS" or "Defendant") and would respectfully show the Court as follows:

### PARTIES

1.      Plaintiff Pacific Oak is a Delaware limited liability company with its principal place of business in Costa Mesa, California.

2.      Defendant ATS is a Missouri corporation with its principal place of business in Alpharetta, Georgia. Defendant can be served through its registered agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnet County, Georgia 30046-4805, or at such other place where ATS may be found.

### JURISDICTION AND VENUE

3.      The Court has personal jurisdiction over ATS because its principal place of business is in Georgia and it maintains one or more offices in the Northern District of Georgia, because ATS transacts business in Georgia, and because this action arises out of a lease to be performed in Georgia for Georgia real property.

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Pacific Oak and ATS are diverse for purposes of citizenship and Pacific Oak seeks relief in excess of $75,000, exclusive of interest and costs. Pacific Oak is a limited liability company, and its citizenship is determined by the citizenship of its member. Pacific Oak's sole member is Pacific Oak SOR Acquisition XXXV, LLC, which is a Delaware limited liability company with its principal place of business in California. Thus, for purposes of diversity jurisdiction, Pacific Oak is a citizen of Delaware and California. ATS is a Missouri corporation with its principal place of business in Georgia. Thus, ATS is a citizen of Missouri and Georgia.

5.      Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. § 1391(b)(1) and (2) because it is the district where ATS resides and a substantial part of the events or omissions giving rise to the claim occurred. Further, ATS executed a commercial lease that relates to the lease of commercial space in this venue, and the lease was for performance in whole or in substantial part in this venue. Venue is proper in the Atlanta Division under Local Rule 3.1.

## FACTUAL ALLEGATIONS

6.      This is a lawsuit for breach of a commercial lease and failure of the tenant, ATS, to pay rent and other amounts due and owing under the lease.

7.      Pacific Oak owns and is landlord of Georgia 400 Center, a three-building, Class A office campus located in Alpharetta, Fulton County, Georgia.

8.      ATS is headquartered in Alpharetta, Georgia and is owned by a private equity firm, Siris Capital Group. ATS does business under the name Premiere Global Services, Inc. ("PGi"). PGi characterizes itself as "the world's largest dedicated provider of collaboration software and services" and provides products used for audio conferencing, web conferencing, webinars, and cloud computing. Its primary product, GlobalMeet, is used for video

conferencing, live streaming, and hosting conference calls. PGi's products are widely used in the United States and in other parts of the world.

**The Lease**

9.      A commercial lease agreement dated September 5, 2008, for office space at Georgia 400 Center ("Original Lease"), as amended, governs the relationship between Pacific Oak and ATS.  A true and correct copy of the Original Lease is attached hereto as **Exhibit A**. The Original Lease, as amended by the three amendments identified below, is hereinafter referred to as the Lease.

10.      Under the Lease, Pacific Oak leased office space in one of the Georgia 400 Center buildings to ATS. At the time of ATS's default, ATS leased and occupied the third and fourth floor of Georgia 400 Center I at 2300 Lakeview Parkway, one of the three Georgia 400 Center office buildings ("the Premises").

11.      As landlord, Pacific Oak is the successor-in-interest to Metropolitan Life Insurance Company's ("MetLife") interest in the Lease. As tenant, ATS is the successor-in-interest to Xpedite Systems, LLC's ("Xpedite"), d/b/a Premiere Global Services, interest in the Lease. The Lease defines the tenant's use of the Premises as general office use.

12.      In Article 3 and Article 4 of the Lease, ATS agreed to pay the Monthly Base Rent and Rent Adjustments to the landlord. Pursuant to Article 4, Rent Adjustments represented certain amounts reflecting ATS's share of Operating Expenses and Taxes, as those terms are defined in the Lease. The Rent Adjustment is a monthly amount owed in addition to the Monthly Base Rent.

13.      In or around September 2010, Xpedite assigned its interest in the Original Lease to ATS. The Original Lease term was to expire on August 31, 2015.[1] On March 23, 2015, MetLife and ATS entered into a First Amendment to Office Lease, attached hereto as **Exhibit**

---

[1] Ex. A, Lease § 1.01.

**B**.  In the First Amendment, MetLife and ATS extended the lease term to September 30, 2018,[2] and revised the schedule of monthly rent due.[3]

14.     On or about July 27, 2016, LWV TPA GA 400 LLC ("LWV"), as successor-in-interest to MetLife, and ATS entered into a Second Amendment to Office Lease, attached hereto as **Exhibit C**.  The Second Amendment again extended the lease term, this time by 12 years.[4]

15.     The Second Amendment also provided ATS with access to more office space. ATS surrendered its partial access to the second floor of Georgia 400 Center I, and leased the entire fourth floor of the building.[5]  ATS then had access to the entire third and fourth floors, consisting of approximately 44,506 square feet of office space.[6]

16.     In return for receiving additional office space, ATS agreed to an increase in the Monthly Base Rent.[7] Section 5(b) of the Second Amendment obligated ATS to "pay Monthly Base Rent for the Premises (which will then consist of the Third Floor Space together with the Fourth Floor Space, but not any portion of the Second Floor Space) . . . which Monthly Base Rent shall be payable in the same manner as set forth in the [Original] Lease."[8]

17.     In the Second Amendment, ATS also agreed to deliver to landlord a letter of credit in the amount of $750,000 to be exercisable in the event of any default.[9]  In the event that ATS was in default and the default was not cured, Section 8(d) of the Second Amendment permitted Pacific Oak to draw on the letter of credit for payment of amounts owed by ATS, including unpaid rent.[10]

---

[2] Ex. B, First Amendment to Office Lease § 3.
[3] Ex. B, First Amendment to Office Lease § 4.
[4] Ex. C, Second Amendment to Office Lease § 4.
[5] Ex. C, Second Amendment to Office Lease § 2.
[6] Ex. C, Second Amendment to Office Lease § 3.
[7] Ex. C, Second Amendment to Office Lease § 5.
[8] Ex. C, Second Amendment to Office Lease § 5(b).
[9] Ex. C, Second Amendment to Office Lease § 8.
[10] Ex. C, Second Amendment to Office Lease § 8(d).

18.     Pursuant to the Second Amendment, if Pacific Oak makes any draw upon the letter of credit, ATS must restore the letter of credit to the required amount within 15 days after ATS receives notice of such draw.[11]

19.     On December 20, 2016, LWV and ATS entered into a Third Amendment to Office Lease, attached hereto as **Exhibit D**.  Pacific Oak subsequently acquired LWV's interest in the Georgia 400 Center office buildings, including Georgia 400 Center I. Pacific Oak is the current owner of the Georgia 400 Center office buildings and the landlord under the Lease.

20.     Under the Third Amendment, the Lease term was extended to October 31, 2028.[12]  ATS also agreed to a revised schedule of monthly rent to account for upgrades that the landlord agreed to make to the Premises.

21.     The Third Amendment defines the Monthly Base Rent owed until the end of the term on October 31, 2028. Under the revised schedule, and in addition to the Rent Adjustment amounts, the Monthly Base Rent for December 1, 2020, to November 1, 2021, is $104,880.30 per month.[13]  The Monthly Base Rent for December 1, 2021, to November 30, 2022, is $107,439.39 per month.[14] After that time, the Monthly Base Rent continues to increase on an annual basis until the end of the term, as specified in the Third Amendment.

22.     The Third Amendment also permitted the letter of credit to be reduced from $750,000 to $500,000 after November 30, 2020.[15]  As a result, a new letter of credit was issued. The Unconditional Irrevocable Letter of Credit No. SB-03936 for $500,000 was issued on November 19, 2020 (the "Letter of Credit").  A true and correct copy of the November 19, 2020, Letter of Credit is attached hereto as **Exhibit E**.

---

[11] Ex. C, Second Amendment to Office Lease § 8(g).
[12] Ex. D, Third Amendment to Office Lease § 1.
[13] Ex. D, Third Amendment to Office Lease § 3(b).
[14] Ex. D, Third Amendment to Office Lease § 3(b).
[15] Ex. D, Third Amendment to Office Lease § 1(c).

23.     The Letter of Credit is payable to Pacific Oak as the beneficiary. Under the terms of the Letter of Credit, funds are payable to Pacific Oak upon presentation of the original Letter of Credit and a sight draft drawn on Barclays Bank PLC.

## ATS's Default

24.     Under the Lease, ATS agreed to pay Pacific Oak monthly rent and certain other amounts due on the first business day of every month.[16] ATS, however, has failed to pay monthly rental amounts due to Pacific Oak, including the Monthly Base Rent, Rent Adjustments, and other amounts, resulting in a Default under the Lease.

25.     Pursuant to Section 11.01 of the Lease, ATS is in Default if it fails to pay the Monthly Base Rent or Rent Adjustments on the due date and such failure to pay continues for five (5) days after written notice. But notice to ATS for failure to pay need only be given twice in any calendar year, after which failure to pay by ATS is a Default, regardless of whether additional notice is given.

26.     ATS failed to pay the Monthly Base Rent, Rent Adjustments, and other amounts when due on March 1, 2021, and April 1, 2021. On April 8, 2021, Pacific Oak sent a default notice to ATS notifying ATS of its failure to pay its Monthly Base Rent along with the Rent Adjustment amount and other amounts for March and April 2021 ("April 8, 2021, Default Notice").[17] The April 8, 2021, Default Notice demanded payment within 5 days for the March 2021 and April 2021 Monthly Base Rent, Rent Adjustments, and other amounts in the total amount of $220,848.68. In the event that past due amounts were not timely paid, the April 8, 2021, Default Notice stated that Pacific Oak may seek all remedies, including filing a lawsuit and drawing upon the Letter of Credit in accordance with Section 8(d) of the Second

---

[16] *See, e.g.,* Original Lease Art. 3; Second Amendment § 5(b); Third Amendment § 3(b).
[17] **Exhibit F**, April 8, 2021, Default Notice.

Amendment. On April 19, 2021, Pacific Oak sent an additional default notice demanding payment for the March 2021 and April 2021 amounts due.[18]

27.    ATS did not cure its Default and again failed to timely pay the Monthly Base Rent, Rent Adjustments, and other amounts due for May 1, 2021, and June 1, 2021.

28.    On May 4, 2021,[19] and June 7, 2021,[20] respectively, Pacific Oak sent additional default notices to ATS. As of June 7, 2021, ATS owed to Pacific Oak $441,396.81 in delinquent Monthly Base Rent, Rent Adjustments, and other amounts.

29.    ATS still did not cure its Default and on July 8, 2021, Pacific Oak sent another default notice ("July 2021 Default Notice").[21] The July 2021 Default Notice informed ATS that Pacific Oak had drawn upon the Letter of Credit in the amount of $220,848.68 (the amount due for March 2021 and April 2021) and demanded ATS restore the Letter of Credit to its original $500,000 amount within 15 days.

30.    In the event that ATS failed to restore the Letter of Credit, the July 2021 Default Notice stated that Pacific Oak may seek all remedies under the Lease and under Georgia law. ATS has never paid any portion of the amounts identified in any of the default notices sent by Pacific Oak.

31.    ATS has failed to pay the Monthly Base Rent, Rent Adjustments, and other amounts due under the Lease from March 2021 to present, and remains in default under the Lease.[22]  As a result of ATS's Default, Pacific Oak made draws on the Letter of Credit for the total amount—$500,000—for which the Letter of Credit was issued.  ATS, further, never restored the Letter of Credit.

---

[18] **Exhibit G**, April 19, 2021, Default Notice.
[19] **Exhibit H**, May 4, 2021, Default Notice.
[20] **Exhibit I**, June 7, 2021, Default Notice.
[21] **Exhibit J**, July 8, 2021, Default Notice.
[22] Ex. A, Lease § 11.01.

32.     The draws on the Letter of Credit do not cover August 2021 Monthly Base Rent and Rent Adjustment due and owing under the Lease in the amount of $109,862.86 and September 2021 Monthly Base Rent and Rent Adjustment due and owing under the Lease in the amount of $109,862.86.

33.     After accounting for the Letter of Credit and applying the proceeds to ATS's balance, ATS owes Pacific Oak $272,169.44 in overdue Monthly Base Rent, Rent Adjustments, and other amounts for March 2021 through September 2021, exclusive of interest.[23]  Pursuant to Article 3 of the Lease, unpaid rent shall bear interest at the Default Rate from the date due until paid.

34.     Because ATS is in Default, under the terms of the Lease, Pacific Oak may terminate the Lease, terminate ATS's right to possess the Premises, and enforce the provisions of the Lease to protect Pacific Oak's rights.[24]  If Pacific Oak terminates ATS's right of possession of the Premises, Pacific Oak shall be entitled to recover all of Landlord's actual expenses of reletting, including without limitation, repairs, alterations, improvements, additions, decorations, legal fees and brokerage commissions (collectively, the "Reletting Expenses").[25]

35.     By letter dated August 26, 2021, Pacific Oak gave notice terminating ATS's right of possession of the Premises in accordance with Section 11.02 of the Lease ("August 2021 Termination Notice").[26] Pacific Oak also demanded again that ATS pay all amounts due and owing to Pacific Oak. Pursuant to Section 11.02(a)(iii), Pacific Oak is entitled to recover

---

[23] This represents the Monthly Base Rent and Rent Adjustments for each of March 2021 through September 2021 ($109,862.86 x 7 months) plus other charges due under the Lease of $3,129.42, minus the total amount of the Letter of Credit ($500,000).
[24] Ex. A, Lease § 11.02.
[25] Ex. A, Lease § 11.02(b)-(c).
[26] **Exhibit K**, August 26, 2021 Notice of Demand for Possession.

rent for the balance of the Term, through October 31, 2028. The amount owed by ATS from October 1, 2021 through October 31, 2028, is $9,804,202.70.

36.     In the August 2021 Termination Notice, Pacific Oak demanded possession of the Premises in accordance with Section 11.02 of the Lease. Specifically, the August 2021 Termination Notice stated that if past due amounts were not paid in full within ten days of the Notice, ATS's right to possess the Premises would be terminated as of September 8, 2021. ATS did not cure its Default or pay the amounts past due and demanded in the August 2021 Termination Notice.

37.     As a consequence of its Default, ATS is obligated to reimburse Pacific Oak for certain restroom upgrade costs that Pacific Oak incurred to upgrade ATS's space. In the Third Amendment, Pacific Oak agreed to perform upgrades to ATS's restrooms at Pacific Oak's cost and expense. However, in Section 3(d) of the Third Amendment, the parties agreed that if ATS does not pay rent until the end of the term, ATS shall pay Pacific Oak the "Unamortized Restroom Upgrade Work Cost" in order for Pacific Oak to recoup the costs incurred to upgrade the restrooms. ATS owes—and has failed to pay—Pacific Oak $130,097.37, which represents the Unamortized Restroom Upgrade Work Cost.

38.     Because ATS has defaulted, Pacific Oak is also entitled to recover its costs, including reasonable attorney's fees, "incurred by [Pacific Oak] in enforcing the defaulting party's performance of its obligations under this Lease, or resulting from a default by the defaulting party."[27]

39.     Pacific Oak's attempts to resolve these issues have proven to be unsuccessful. In addition to the default notices, Pacific Oak has communicated with ATS's representatives regarding the unpaid rent and other amounts and ATS's Default. ATS, however, stopped responding to Pacific Oak's attempts to communicate and has shut off communications.

---

[27] Ex. A, Lease § 11.03.

40.     In or around July 2021, ATS removed most of its' and its employees' personal property from the Premises, including artwork, employees' personal items, computers and electronics, some furniture, and files. ATS, however, has left behind some personal property, including furniture. Pacific Oak has incurred, or will incur, additional costs relating to ATS vacating the Premises, including costs relating to personal property and other items left behind by ATS.

41.     Pacific Oak has fully complied with the Lease. ATS, however, has failed to pay Pacific Oak the rent and other amounts due, has failed to respond to the April 8, 2021, through July 8, 2021, Default Notices and the August 2021 Termination Notice, and has failed to cure its defaults. After months of unpaid rent and ATS reneging on its future obligations under the Lease, Pacific Oak was forced to file this lawsuit.

## COUNT I: BREACH OF CONTRACT / BREACH OF COMMERCIAL LEASE

42.     Pacific Oak re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

43.     The Lease is a valid and enforceable contract between Pacific Oak and ATS, entitling Pacific Oak to exercise the rights therein.

44.     ATS has breached the terms of the Lease by failing to pay all amounts due under the Lease.  Specifically, ATS has failed to pay the Monthly Base Rent, Rent Adjustments, and other amounts due for May 2021 through September 2021, totaling $272,169.44, after reducing ATS's balance by the proceeds from the Letter of Credit.  ATS's failure to honor its obligations under the Lease by making the required payments as and when due constitutes a material breach of the Lease.  ATS has damaged Pacific Oak by its conduct, and owes Pacific Oak no less than $272,169.44 representing past due amounts.

45.     In addition, under the terms of the Lease, ATS is liable for rent through the end of the Term—October 31, 2028.[28] The Third Amendment provides a schedule for the Monthly Base Rent due through the end of the Lease term.[29]  The amount owed by ATS from October 1, 2021 through October 31, 2028 is $9,804,202.70.

46.     Pursuant to Section 3(d) of the Third Amendment, ATS owes—and has failed to pay—Pacific Oak the Unamortized Restroom Upgrade Work Cost. ATS is liable to Pacific Oak for this amount: $130,097.37.

47.     Pacific Oak has fully performed all of its obligations under the Lease. All conditions precedent have been satisfied.

48.     As a result of ATS's breaches and Default, Pacific Oak has suffered direct and indirect damages. ATS is liable to Pacific Oak for actual damages and pre- and post-judgment interest, together with all other costs and disbursements related thereto incurred by Pacific Oak in the exercise of its remedies under the Lease as authorized by O.C.G.A. § 7-4-2 and § 7-4-15 and Lease § 3 and § 11.03.

## COUNT II: ATTORNEYS' FEES AND COSTS

49.     Pacific Oak re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

50.     As a result of ATS's breaches and Default, Pacific Oak has been forced to employ attorneys to enforce its rights under the Lease, collect the unpaid amounts, and prosecute this lawsuit.

51.     The Lease, including Section 11.03 of the Original Lease, expressly obligates ATS to pay Pacific Oak's reasonable attorneys' fees and costs incurred to enforce the Lease.

---

[28] Ex. A, Lease § 11.02.
[29] Ex. D, Third Amendment § 3(b).

ATS failed and refused to respond to Pacific Oak's demand for payment and Pacific Oak is entitled to recover its attorneys' fees and costs pursuant to O.C.G.A. § 13-1-11.

52.    By its conduct as set forth herein, ATS has acted in bad faith, has been stubbornly litigious, and has caused Pacific Oak unnecessary trouble and expense. In the alternative, Pacific Oak is entitled to an award of attorneys' fees pursuant to O.C.G.A. § 13-6-11 in an amount to be proven at trial.

## PRAYER FOR RELIEF

Pacific Oak requests that ATS be cited to appear and answer, and that on final judgment, the Court award Pacific Oak:

A.  Judgment for not less than $272,169.44, consisting of overdue Monthly Base Rent, Rent Adjustments, and other charges due under the Lease for the time period of March 1, 2021 through September 1, 2021;

B.  Judgment for Monthly Base Rent due through the end of the Lease at the rate of no less than $104,880.30 per month, subject to certain increases in the Monthly Base Rent under Section 3(b) of the Third Amendment to Office Lease, and totalling no less than $9,804,202.70 from October 1, 2021, through October 31, 2028, as well as other operating expenses and maintenance charges;

C.  Judgment for not less than $130,097.37, consisting of the Unamortized Restroom Upgrade Work Cost;

D.  Judgment for Pacific Oak's expenses in reletting the Premises, should it be able to do so, as well as all commissions, repair and remedy costs, and other standard costs associated therewith;

E.  Interest and late charges due under the Lease for unpaid rent;

F.  Post-judgment interest at the maximum rate allowable under law;

G.  Court costs and other expenses;

H.  Attorney's fees in accordance with O.C.G.A. § 13-1-11, O.C.G.A. § 13-6-11, and

Section 11.03 of the Lease; and

I.  All such other and further relief, both general and special, at law and in equity, to

which Pacific Oak may be justly entitled.


Dated:  September 13, 2021


Respectfully submitted,


By: */s/ Todd H. Surden*
    Todd H. Surden
    Georgia Bar No. 774046
    Kristen Yadlosky
    Georgia Bar No. 779615
    HARTMAN SIMONS & WOOD LLP
    6400 Powers Ferry Road NW, Suite 400
    Atlanta, Georgia 30339
    Telephone  (770) 955-3555
    Facsimile  (770) 538-1452
    todd.surden@hartmansimons.com
    kristen.yadlosky@hartmansimons.com

**Of Counsel:**

Charles S. Kelley
Texas Bar No. 11199580
Gary W. Johnson
Texas Bar No. 24083257
James B. Danford, Jr.
Texas State Bar No. 24105775
MAYER BROWN LLP
700 Louisiana Street, Suite 3400
Houston, Texas 77002
Telephone (713) 238-3000
Facsimile  (713) 238-4888
Email: ckelley@mayerbrown.com
        gjohnson@mayerbrown.com
        jdanford@mayerbrown.com


**ATTORNEYS FOR PLAINTIFF
PACIFIC OAK SOR GEORGIA 400
CENTER, LLC**

743854655